

# In the United States Court of Federal Claims

No. 12-791 C
Filed: May 1, 2013
NOT TO BE PUBLISHED

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RAYMOND-HIKARI NIIKURA, | Implied Contract; |
| | Motion to Dismiss, RCFC 12(b)(1); |
| Plaintiff, *pro se,* | *Pro Se;* |
| | Standing; |
| v. | Vessel Trade-In Program, 46 U.S.C. §§ 57301-57308; |
| THE UNITED STATES, | |
| Defendant. | |

**FILED**

MAY 1 2013

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Raymond-Hikari Niikura,** Honolulu, Hawaii, Plaintiff, *pro se.*

**Daniel G. Kim,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER

**Braden,** *Judge.*

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY.

On November 19, 2012, Raymond-Hikari Niikura ("Plaintiff") filed a Complaint in the United States Court of Federal Claims seeking an unspecified amount of compensation for breach of an implied contract with "We the People." Compl. at ¶ 2. The Complaint alleges that Plaintiff is entitled to money located in bank accounts attached to his social security and birth certificate identification numbers. Compl. at ¶ 3. The Complaint also alleges the existence of accounts associated with Plaintiff's "Bankrupt Berthing account" and the "foreign CHURCH OF ROME TREASURY," that may be liquidated under the "VESSEL TRADE-IN PROGRAM." Compl. at ¶ 9.

On December 12, 2012, Plaintiff filed a Motion entitled "A People's Probate Court Action[.]" On December 21, 2012, the Government filed a Motion To Suspend Briefing on Plaintiff's December 12, 2012 Motion.

On January 18, 2013, the Government filed a Motion To Dismiss under RCFC 12(b)(1).

On January 24, 2013, Plaintiff filed an untitled document that the court construes as a Response to the Government's January 18, 2013 Motion To Dismiss.

## II.    DISCUSSION.

### A.    Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher* v. *United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. In the parlance of Tucker Act cases, that source must be 'money-mandating.'").

The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B.    Standard Of Review For *Pro Se* Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### C.    Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter

2

jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

### D.   The Court's Resolution.

Although the pleadings of a *pro se* litigant are afforded less stringent scrutiny, a complaint must still allege facts that demonstrate that the court has jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (holding that, although leniency is shown to pro se litigants with respect to "mere formalities," a court "may not similarly take a liberal review of . . . jurisdictional requirement[s]"). The Complaint in this case fails to allege any contractual relationship with the Government entitling Plaintiff to damages. The allegation that the Vessel Trade-in Program, authorized by 46 U.S.C. §§ 57301-57308, establishes an implied contract with the Government is misplaced, because that legislation authorizes the Secretary of Transportation to acquire obsolete vessels "to promote the construction of new, safe, and efficient vessels to carry the domestic and foreign waterborne commerce of the United States." *Id.* at § 57302.

The Complaint also does not allege a claim based on any other money-mandating statute or regulation. *See Fisher*, 402 F.3d at 1173.

## III.   CONCLUSION.

For these reasons, the Government's January 18, 2013 Motion To Dismiss is granted. Plaintiff's December 12, 2012 Motion and the Government's December 21, 2012 Motion are moot. The Clerk is directed to dismiss the November 19, 2012 Complaint.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Judge

3